FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 05 2011

JAMES W. McCORMACK, CLERK
By: _____
                          DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

BOYCE GARLINGTON )
    Plaintiff, )
 )
vs. ) Civil Action No.
 ) 5:11-CV-0109 DPM
 )
DIVERSIFIED COLLECTIONS SERVICES, INC. )
    Defendant, )
 )

This case assigned to District Judge Marshall
and to Magistrate Judge Ray

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Boyce Garlington an individual consumer, against Defendant, Diversified Collection Services, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendant transacts business here.

1

### *III. PARTIES*

3. Plaintiff, Boyce Garlington, is a natural person with a permanent residence in Rison, Cleveland County, Arkansas.

4. Upon information and belief the Defendant, Diversified Collection Services, Inc., is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 333 North Canyons Parkway, Suite 100, Livermore, Alamenda County, CA 954551. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### *IV. FACTUAL ALLEGATIONS*

6. Upon information and belief, Defendant began placing collection calls to Plaintiff on or before January 27, 2011.

7. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff, "We're going to take your house."

8. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff, "We're going to take your social security."

9. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff, "We're going to garnish your wages."

10. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff, "We're going to get a lawyer to take you to court."

## V. *CLAIM FOR RELIEF*

11. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

12. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

    (b) Defendant violated *§1692d(2)* of the FDCPA by using obscene or profane language or language the natural consequences of which is to abuse the hear or reader in connection with the collection of an alleged debt; and

    (c) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

    (d) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will

result in seizure of property of Plaintiff when such action is unlawful and Defendant or alleged creditor does not intend to take such action; and

(e) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in garnishment of social security of Plaintiff when such action is unlawful and Defendant or alleged creditor does not intend to take such action; and

(f) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in garnishment, of wages of Plaintiff when such action is unlawful and Defendant or alleged creditor does not intend to take such action; and

(g) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that Defendant does not intend to take and/or Defendant cannot legally take; and

(h) Defendant violated *§1692e(7)* of the FDCPA by giving the false representation or implication that Plaintiff committed a crime or other conduct in order to disgrace Plaintiff; and

(i) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

    (j) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

13. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

14. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff, Boyce Garlington, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Diversified Collection Services, Inc., for the following:

    A. Declaratory judgment that Defendant's conduct violated the FDCPA.

    B. Actual damages.

    C. Statutory damages pursuant to 15 U.S.C. § 1692k.

    D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

    E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

    F. For such other and further relief as the Court may deem just and proper.

## VI. DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Boyce Garlington, demands trial by jury in this action.

This 28th day of April, 2011.

ATTORNEY FOR PLAINTIFF
Boyce Garlington

Respectfully submitted,
By:

*/s/ Kevin J. Buckley*

Kevin J. Buckley, Jr., Esq.
EDAR Bar. No. 674594
Consumer Rights Law Firm
191 Merrimack Street, Suite 302
Haverhill, Massachusetts, 01830
Phone: (978) 212-3300
Fax: (888) 712-4458